REQUESTED BY: Randy L. Nielsen, Kimball County Attorney, Kimball, Nebraska
1. May the interest and/or principal from bonds issued for construction of improvements to a county hospital be used in part to repay the principal and interest due on the bonds sold or may only tax funds be so used?
2. If the county has already used some of the interest and/or principal from the bonds to repay such bonds, must the county reimburse the county hospital improvement fund?
1. If all of such principal and interest is needed to pay the cost of improvements or additions to the hospital, as contracted for by the board of trustees, and ratified by the county board, only tax funds may be used for repayment.
2. Yes, if such funds are needed to pay the costs of improvements and additions as determined by the board of trustees and ratified by the county board.
1. Neb.Rev.Stat. § 23-343.07 (Supp. 1982) authorizes the county board in counties which have established a county hospital to issue and sell bonds of the county `in such sums as the county board may deem advisable to defray the costs of improvements or additions thereto and equipment.' (Emphasis added.)
Said section further provides:
 When such bonds have been issued under the provisions of this section or section 23-343, the county board shall cause to be levied and collected annually a tax upon all of the taxable property of such county, except intangible property, sufficient to pay the interest and principal of the bond as the same become due and payable.
The foregoing section provides the method by which money may be raised by bonds to defray the costs of improvements, additions, and equipment to such hospital.
However, the authority for developing and overseeing such improvements is contained in Neb.Rev.Stat. § 23-343.03
(Supp. 1982). This section provides in part:
 The board of trustees of such facility or facilities as provided by section 23-343, shall make, adopt, and file with the county board such bylaws, rules, and regulations for its guidance and for the government of such facility or facilities as may be deemed expedient for the economical and equitable conduct thereof. It shall have the exclusive control of the expenditures of all money collected to the credit of the fund for such facility or facilities. After the original construction of such facility or facilities, it shall have exclusive control over any and all improvements or additions thereto and equipment, including the authority to contract, subject to ratification by the county board, for any improvements or additions thereto and equipment therefor.
(Emphasis added.)
From a reading of the above sections, it is clear that the statutory scheme is twofold. The county board is to raise the necessary funds by issuance of bonds and make provision for their repayment by the levying of a sufficient tax. The hospital board of trustees enters into contracts for the improvements, additions, and equipment for the hospital, subject to ratification by the county board, and has exclusive control over the expenditure of funds collected for such facility. This appears to us to include the proceeds and interest from the sale of the bonds.
You will note that the purpose of the sale of the bonds is to `defray the costs of improvements or additions thereto and equipment' and not for repayment of the interest or principal on the bonds.
In the event there is principal and interest left over from the sale of the bonds, after all the contracts for improvements, additions, and equipment, as ratified by the county board, have been paid, there is nothing to prevent the county from using these funds for repayment of the principal and interest on the bonds. We emphasize that if the board of trustees desires to make changes in the original contracts resulting in increased costs, these changes, in our opinion, must be ratified also, by the county board.
2. The statutes, as mentioned above, are clear that the principal and interest from the sale of the bonds in question are to be used to defray the costs of the improvements, additions, and equipment and that the county board has a mandatory duty to levy a sufficient tax to pay the interest and principal of the bonds. If, therefore, the county treasurer has already expended principal and/or interest from the sale of such bonds for the repayment of the bonds, the county treasurer should repay such funds to the credit of the hospital fund from the proceeds of the tax levied to repay such bonds and interest. This must be done up to an amount sufficient to defray the costs of the improvements, additions, and equipment as determined from the contracts entered by the board of trustees, and ratified by the county board, because that was the only authorized purpose of selling the bonds in the first place.
Respectfully submitted, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General